UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Valdaise Rouse, #11666,<br><br>                Plaintiff,<br><br>vs.<br><br>Stanley Patrick, Edgefield Police Department;<br>Brenda B. Carpenter, Chief Magistrate Judge,<br><br>                Defendants.<br>_____ | ) C/A No.   8:13-1044-TMC-JDA<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Wade Valdaise Rouse ("Plaintiff") complains of constitutional violations pursuant to 42 U.S.C. § 1983,[1] and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as Defendant Chief Magistrate Judge Brenda B. Carpenter, who presided over a charge of criminal domestic violence (CDV) against Plaintiff. Plaintiff seeks monetary damages. Defendant Carpenter should be dismissed as a party to this case as she enjoys judicial immunity.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This case is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.

## Discussion

Plaintiff is a detainee at Edgefield County Detention Center.  He complains that he was arrested on a criminal domestic violence (CDV) charge November 8, 2011 pursuant to a false accusation.  In a hearing before Defendant Carpenter, Plaintiff rejected a plea deal that would sentence him to 30 days, time-served.  ECF No. 1 at 5.  The CDV charge was dismissed January 24, 2013.  ECF No. 1 at 9.  Plaintiff complains that dismissing the charge without a trial denied him the right to a trial under the Sixth Amendment.  He seeks money damages for the seventy-seven days he allegedly spent wrongly imprisoned.  ECF No. 1 at 10.

Judges enjoy absolute immunity from a claim for damages arising out of their judicial

actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley,* 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). As Defendant Carpenter was acting in her judicial capacity when she issued orders in Plaintiff's CDV case, she is immune from suit in the above-captioned civil rights action and is entitled to summary dismissal from this case.

## Recommendation

It is recommended that the District Court dismiss Defendant Brenda B. Carpenter as a party to this action *without prejudice* and without issuance and service of process upon said Defendant. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

April 30, 2013
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).